1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   MARK KEITH WEBSTER,                    No.  2:20-CV-0668-JAM-DMC-P

12                    Plaintiff,

13          v.                              <u>FINDINGS AND RECOMMENDATIONS</u>

14   STEVEN M. GARRETT, et al.,

15                    Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983. Pending before the court is plaintiff's complaint. <u>See</u> ECF No. 1.

19          The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

26   means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d

27   1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

28   complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

                                              1

1  rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege
2  with at least some degree of particularity overt acts by specific defendants which support the
3  claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
4  impossible for the court to conduct the screening required by law when the allegations are vague
5  and conclusory.

6

7  **I. PLAINTIFF'S ALLEGATIONS**

8  Plaintiff, Mark Keith Webster, is an inmate at Rio Cosumnes Correctional Center.
9  Plaintiff names the following defendants: (1) Steven M. Garrett[1] and (2) Sara Bannerman,
10  Sacramento Public Defender's Office.

11  Plaintiff alleges that Bannerman violated his Fifth Amendment right to be free
12  from self-incrimination by disclosing confidential information. Plaintiff claims he told
13  Bannerman information about a stolen truck located outside his home because she was his
14  attorney. Plaintiff alleges that defendant Bannerman later disclosed that information to the judge.

15  Plaintiff also alleges that Bannerman violated his Fifth Amendment rights by
16  allowing plaintiff's protected statement to officers to be used in court. Plaintiff claims that while
17  Bannerman assured him that the statement would not be used in court, the judge cited that
18  statement while sentencing plaintiff to jail.

19  Plaintiff claims that he called Bannerman's supervisor every day for two weeks to
20  request that Bannerman be removed from his case after the preliminary hearing. Bannerman's
21  supervisor denied plaintiff's request.

22  ///
23  ///
24  ///
25  ///

26  _____

27  [1]  Steven M. Garrett is the Sacramento Public Defender. Plaintiff does not elaborate
on Garrett's role in the alleged events but asks for $250,000 in damages from Garrett and the
Sacramento Public Defender's office. Plaintiff is presumably attempting to sue Garrett under a
28  respondeat superior theory of liability.

2

## II. DISCUSSION

The Court finds that plaintiff's claim suffers three defects. First, defendant Bannerman has immunity for actions arising from her role as an advocate. Second, plaintiff's claim against defendant Garrett cannot establish the necessary causal connection between Garrett and the alleged events that transpired. Third, § 1983 is not the appropriate vehicle for relief for plaintiff's claims because plaintiff challenges the nature and duration of his confinement.

### A.    Plaintiff's Claims Against Bannerman

When public defenders are acting in their role as advocate, they are not acting under color of state law for § 1983 purposes. See Georgia v. McCollum, 505 U.S. 42, 53 (1992); Polk Cty. v. Dodson, 454 U.S. 312, 320-25 (1981); Jackson v. Brown, 513 F.3d 1057, 1079 (9th Cir. 2008); Miranda v. Clark Cty., Nev., 319 F.3d 465, 468 (9th Cir. 2003) (en banc); United States v. De Gross, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992) (en banc); see also Vermont v. Brillon, 556 U.S. 81, 91 (2009) (assigned public defender is ordinarily not considered a state actor); Kirtley v. Rainey, 326 F.3d 1088, 1093-94 (9th Cir. 2003) (citing Polk Cty. to determine that a state-appointed guardian ad litem does not act under color of state law for purposes of § 1983); Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir. 1982) (relying on Polk Cty. to determine that federal public defenders are not acting under color of federal law for purposes of Bivens action).

The Supreme Court has concluded that public defenders do not act under color of state law because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor. See Brillon, 556 U.S. at 92; Polk Cty., 454 U.S. at 321; see also Blum v. Yaretsky, 457 U.S. 991, 1008-09 (1982) (applying similar rationale to determine that administrators of nursing home were not state actors); Mathis v. Pac. Gas & Elec. Co., 891 F.2d 1429, 1432 (9th Cir. 1989) (applying similar rationale to determine that employees conducting psychiatric evaluation were not state actors). But cf. Gonzalez v. Spencer, 336 F.3d 832, 834 (9th Cir. 2003) (per curiam) (explaining that a private attorney who is retained to represent state entities and their employees in litigation acts under color of state law because his or her role is "analogous to that of a state prosecutor rather than a public defender"

1    (citing Polk Cty., 454 U.S. at 323 n.13)), abrogated by Filarsky v. Delia, 132 S. Ct. 1657, 1667-68

2    (2012).

3         Here, plaintiff cannot establish a § 1983 claim against Bannerman because her

4    actions as his public defender were not under the color of law for the purposes of § 1983.

5    Bannerman's decisions regarding statements to the judge on plaintiff's behalf were part of her

6    role as plaintiff's advocate. Therefore, plaintiff cannot seek relief for Bannerman's actions under

7    § 1983.

8         **B.    Plaintiff's Claims Against Garrett**

9         Supervisory personnel are generally not liable under § 1983 for the actions of their

10   employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no

11   respondeat superior liability under § 1983). A supervisor is only liable for the constitutional

12   violations of subordinates if the supervisor participated in or directed the violations. See id. The

13   Supreme Court has rejected the notion that a supervisory defendant can be liable based on

14   knowledge and acquiescence in a subordinate's unconstitutional conduct because government

15   officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct

16   and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory

17   personnel who implement a policy so deficient that the policy itself is a repudiation of

18   constitutional rights and the moving force behind a constitutional violation may, however, be

19   liable even where such personnel do not overtly participate in the offensive act. See Redman v.

20   Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

21        When a defendant holds a supervisory position, the causal link between such

22   defendant and the claimed constitutional violation must be specifically alleged. See Fayle v.

23   Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.

24   1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in

25   civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

26   Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the

27   official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

28   ///

4

Plaintiff cannot establish a cognizable claim against Garrett because Garrett is not responsible for Bannerman's actions under § 1983. Plaintiff does not allege that Garrett had any involvement in his case. Because Garrett was not involved in plaintiff's case, Garrett could not have participated in or directed any violations against plaintiff. Thus, plaintiff cannot recover from Garrett under § 1983.

### C.     Plaintiff's Fifth Amendment Claims

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in procedures for determining when an inmate is eligible for parole consideration not barred because changed procedures would hasten future parole consideration and not affect any earlier parole determination under the prior procedures).

///

1    Here, plaintiff cannot recover under § 1983 because his claims fundamentally

2  challenge the nature and duration of his sentence. Plaintiff alleges that Bannerman's actions as his

3  legal counsel caused him to be sentenced to jail time. This allegation necessarily invalidates

4  plaintiff's underlying sentence. Plaintiff's only federal remedy for such an action is a petition for

5  writ of habeas corpus. Thus, § 1983 is not the appropriate vehicle for relief.

6

7                                **III.  CONCLUSION**

8    Because it does not appear possible that the deficiencies identified herein can be

9  cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of

10  the entire action.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

11    Based on the foregoing, the undersigned recommends that plaintiff's claims

12  against all defendants be dismissed.

13    These findings and recommendations are submitted to the United States District

14  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

15  after being served with these findings and recommendations, any party may file written

16  objections with the court.  Responses to objections shall be filed within 14 days after service of

17  objections.  Failure to file objections within the specified time may waive the right to appeal.  <u>See</u>

18  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

19

20  Dated:  June 15, 2020

21                                      _____
                                        DENNIS M. COTA
22                                      UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28